# In the United States Court of Federal Claims

Nos. 17-558 C
Filed: May 2, 2017

```
*************************************
PROGRESSIVE FINANCIAL              *
SERVICES, INC.,                    *
                                   *
        Plaintiff,                 *
                                   *
and                                *
                                   *
COLLECTION TECHNOLOGY, INC.,       *
and PERFORMANT RECOVERY, INC.,     *
                                   *
        Intervenor-Plaintiffs,     *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
        Defendant,                 *
                                   *
and                                *
                                   *
PREMIERE CREDIT OF NORTH           *
AMERICA, LLC, and GC SERVICES      *
LIMITED PARTNERSHIP,               *
                                   *
        Intervenor-Defendants.     *
*************************************
```

**ORDER GRANTING MOTION TO DISMISS AND MOTION FOR PRELIMINARY INJUNCTION**

On May 2, 2017, the court convened an argument to consider:

(1) the Government's May 1, 2017 Motion To Dismiss ( ECF No. 82) Count VII of Continental Services Group, Inc.'s ("Continental Services") March 28, 2017 Complaint (ECF No. 1), filed *Continental Services Group, Inc. v. United States*, No. 17-449;

(2) Continental Services' March 29, 2017 Motion For Temporary Restraining Order and/or Preliminary Injunction (ECF No. 7), filed in *Continental Services*, No. 17-449, and renewed on May 1, 2017 (ECF No. 85);

(3) Pioneer Credit Recovery, Inc.'s April 28, 2017 Motion For Preliminary Injunction (ECF No. 79), filed in *Continental Services*, No. 17-449;

(4) Account Control Technology, Inc.'s April 28, 2017 Motion For Preliminary Injunction (ECF No. 47), filed in *Account Control Technology, Inc. v. United States*, No. 17-493;

(5) Progressive Financial Services, Inc.'s ("Progressive Financial") April 21, 2017 Motion For Temporary Restraining Order and/or Preliminary Injunction (ECF No. 5), filed in *Progressive Financial, Inc. v. United States*, No. 17-558; and

(6) Collection Technology, Inc.'s ("Collection Technology") May 1, 2017 Motion For Temporary Restraining Order and/or Preliminary Injunction (ECF No. 8), filed in *Collection Technology, Inc. v. United States*, No. 17-578.

After argument in *Continental Services*, No. 17-449, the court invited **all** Plaintiffs, Intervenor-Plaintiffs and the Government to convene in the court's chambers to prepare a draft order to preserve the *status quo* until the United States Department of Education ("ED") issues corrective action, in response to the Government Accountability Office's ("GAO") March 27, 2017 Decision in *Gen. Revenue Corp.*, B-414220.2, Mar. 27, 2017, 2017 WL 1316186.  Upon circulating the draft order, other Plaintiffs and/or Intervenor-Plaintiffs who did not elect to participate in that process objected.  Counsel for some of the Intervenor-Defendants also objected.

Under these circumstances, after reading all pending motions and considering argument on May 2, 2017, as well as prior arguments by the parties, the court has decided to grant the Government's May 1, 2017 Motion To Dismiss.  Accordingly, Count VII of Continental Services' March 28, 2017 Complaint is dismissed, without prejudice to being re-raised at a later date.  In addition, the court has decided to enter a preliminary injunction for the following reasons.

On a motion for preliminary injunctive relief, the court must weigh four factors: "(1) immediate and irreparable injury to the movant; (2) the movant's likelihood of success on the merits; (3) the public interest; and (4) the balance of hardship on all the parties." *U.S. Ass'n of Importers of Textiles & Apparel v. United States,* 413 F.3d 1344, 1347–48 (Fed. Cir. 2005).  "*No one factor*, taken individually, *is necessarily dispositive* . . . .  [T]he weakness of the showing regarding one factor may be overborne by the strength of others." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993) (emphasis added).

Regarding the first factor, the court has determined that Plaintiffs and Intervenor-Plaintiffs will be immediately and irreparably injured, if the ED allows continued performance on Task Orders issued under Solicitation No. ED-FSA-16-R-0009, or otherwise transfers work to another contracting vehicle to circumvent or moot this bid protest.

Regarding the second factor, the Government has not yet produced the Administrative Record and the parties have not had an opportunity to brief the merits of this bid protest.  *See Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("The APA specifically contemplates judicial review on the basis of the agency record[.]").  Nevertheless, it is likely that some or all Plaintiffs may prevail on the merits, based on the GAO's March 27, 2017 Decision

finding that the ED's prior evaluation of proposals was unreasonable in numerous respects and resulted in the reasonable possibility of prejudice. *See Gen. Revenue Corp.*, 2017 WL 1316186.

Regarding the third factor, the public interest is served by open and fair competition in public procurements and preserving the integrity of the competitive process. *See PGBA, LLC v. United States*, 57 Fed. Cl. 655, 663 (2003).

Regarding the fourth factor, the balance of hardships weighs in favor of Plaintiffs and Intervenor-Plaintiffs. A delay in ED proceeding with performance on the 2016 Awards, prior to announcing corrective action, likely may be disruptive to some of the parties and borrowers, but is outweighed by the economic harm to Plaintiffs and Intervenor-Plaintiffs and the public's need to have these government contracts awarded pursuant to law, particularly, because $2.8 billion of taxpayer funds is at issue.

For these reasons, the court has determined that the weight of the factors favors injunctive relief. *See FMC Corp*, 3 F.3d at 427 ("[T]he weakness of . . . one factor may be overborne by the strength of others."). Accordingly, it is ordered that the United States of America, the United States Department of Education, and their officers, agents, servants, employees, and representatives are enjoined, pursuant to Rule 65(d), from:

(1) authorizing the purported awardees to perform on the contract awards under Solicitation No. ED-FSA-16-R-0009; and
(2) transferring work to be performed under the contract at issue in this case to other contracting vehicles to circumvent or moot this bid protest.

In effect, this Preliminary Injunction rescinds the April 24, 2017 modification to the March 29, 2017 Temporary Restraining Order, because it provided a competitive advantage to CBE Group, Inc. and Premiere Credit of North America, LLC over Collection Technology, Progressive Financial and Performant Recovery, Inc. that filed appearances in this case after April 24, 2017.

The purpose of this Preliminary Injunction is not to micromanage the ED's debt collection efforts, but to protect the interest of all parties and afford the Government an opportunity to reach a global solution of the aforementioned cases.

This order will remain in effect until COB May 22, 2017, the first business day after the Department of Justice represented that the ED will file a notice announcing corrective action, in response to the March 27, 2017 GAO Order, or until such time as **all** the parties agree to an alternative joint order.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**