## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | | |
|---|---|---|
| PROGRESSIVE FINANCIAL<br>SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PERFORMANT RECOVERY, INC.<br>COLLECTION TECHNOLOGY, INC.,<br>VAN RU CREDIT CORPORATION, and<br>ALLIED INTERSTATE LLC, | )<br>)<br>)<br>) | |
| | ) | |
| Intervenor-Plaintiffs, | ) | |
| | ) | No. 17-558 |
| v. | ) | Chief Judge Susan G. Braden |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PREMIERE CREDIT OF NORTH<br>AMERICA, LLC,<br>GC SERVICES LIMITED PARTNERSHIP,<br>and ALLTRAN EDUCATION, INC., | )<br>)<br>)<br>) | |
| | ) | |
| Intervenor-Defendants. | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, the United States, respectfully submits this reply in support of its motion to

dismiss the complaints filed by plaintiffs, Progressive Financial Services, Inc. (Progressive),

Collection Technology, Inc. (CTi), and Van Ru Credit Corporation (Van Ru), for lack of subject-

matter jurisdiction.[1]

---

[1] As discussed in the Government's motion to dismiss CTi's Complaint, at this time, the
Government does not challenge the Court's subject-matter jurisdiction over Count III of CTi's
revised amended complaint, which alleges that the Department of Education's assignment of

**ARGUMENT**

I.    Plaintiffs' Claims Do Not Arise From Any Alleged Error In The Department of
      Education's 2016 Procurement

Plaintiffs conflate the Department of Education's (ED) administration of their former,
expired contracts with the agency's procurement activity on a wholly separate contract.
Plaintiffs assert that their claims "arise out of a sustained GAO protest." Pls.' Resp. at 10. The
basis of plaintiffs' claims, however, is not the alleged "mismanagement" of the 2016
procurement. Rather, it is the agency's administration of their former, expired contracts.

Plaintiffs suggest that the Court should consider their challenges as "pre-award protests"
or as "claims of an 'alleged violation of statute or regulation in connection with a procurement or
a proposed procurement.'" Pls.' Resp. at 11 (citation omitted). Further, plaintiffs characterize
their claims as "corrective action protests." Pls.' Resp. at 12-13. This characterization is
unfitting. Plaintiffs do not challenge ED's corrective action. Indeed, ED had not even
announced the scope of its corrective action when plaintiffs filed their complaints.

A mischaracterization of claims does not create subject-matter jurisdiction in this Court.
Plaintiffs cite a line of cases supporting their proposition that the Court has subject-matter
jurisdiction over protests challenging the reasonableness or legitimacy of a procuring agency's
corrective action. Pls.' Resp. at 12-13 (citations omitted). Absent from plaintiffs' cited authority

---

new accounts to small business contracts would be an impermissible modification of their
contracts. *CTi*, No. 17-578 (Fed. Cl.), Def.'s Mot. to Dismiss at 8-9 (Dkt. No. 23). As we noted
in our motion, CTi's original complaint contained gross factual misrepresentations. *Id.* CTi
amended its complaint on May 16, 2017, to address the inaccuracies counsel for the Government
brought to the attention of counsel for CTi in conference. *See CTi*, Revised Am. Compl. at 14-
16 (Dkt. No. 22). We maintain our challenge to Count III of CTi's revised amended complaint
on the merits and intend to file a separate dispositive motion for dismissal of Count III.

is any case that treats a challenge to the agency's close-out of an expired contract as a protest related to corrective action taken in a separate procurement.

Plaintiffs no longer have any accounts, and they can cite no support in the judicial record or in the law to support their repeated proprietary assertions that they do have accounts. There is no such support, and repetition is not a substitute.

Moreover, the agency's recall of accounts on the expired 2009 contracts is not addressed by the agency's corrective action. This fact belies plaintiffs' bare assertion that "[t]he recall of in-repayment accounts . . . is a significant part of the course of the corrective action." Pls.' Resp. at 14. Because the Court had issued a temporary restraining order (TRO) on March 29, 2017, in part, prohibiting ED from transferring work to be performed under the 2016 solicitation, out of an abundance of caution and deference to the Court, the Government filed notice of its intent to recall accounts on the expired contracts to make clear that the recall of accounts and interim management of the accounts by the agency's Debt Management and Collections System was consistent with the Court's TRO. *See Continental Serv. Grp. v. United States*, No. 17-449 (Fed. Cl.), Def.'s Notice of Recalling Accounts from Expiring Contracts, and Def.'s Notice that It Intends to Maintain the Recalled Accounts on a Non-private Collection Agency Contract (Dkt. No. 65). Nowhere in the notice did the Government represent that such recall was intended as corrective action to address any error in ED's 2016 procurement—or any other procurement for that matter.

Indeed, the agency gave notice of its intent to recall on March 29, 2017, and the agency's corrective action plan was not announced until May 22, 2017. Def.'s Notice of Corrective Action (Dkt. No. 47). The Government's notice of corrective action represented that ED intended to "take corrective action by making minor amendments to the solicitation, requesting

revised proposals, and conducting a new evaluation." *Id.* at 1.  Such action does not necessitate, explicitly or implicitly, the recall of plaintiffs' former accounts.  *See generally id.*

Plaintiffs seek to expand the Court's jurisdiction over "corrective action protests" of agency actions taken on existing contracts during the pendency of a bid protest on an unrelated procurement.  Plaintiffs' expanded interpretation of this Court's jurisdiction is not supported in law.  As we discussed in our motion to dismiss, this Court correctly noted in the May 2, 2017, hearing in these matters that it cannot reach beyond the procurement at issue when determining whether a protest is "in connection with a procurement or a proposed procurement" consistent with the Court of Appeals for the Federal Circuit's decision in *Distributed Solutions, Inc. v. United States*, 539 F.3d 1340, 1345-46.  Hearing Tr. (May 2, 2017) at 90:2-92:12.  When a contractor seeks to bring a claim with respect to its own contract, including the Government's failure to exercise an option, the claim must be brought pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 7103.  *See Cessna Aircraft Co. v. Dalton*, 126 F.3d 1442, 1447 (Fed. Cir. 1997) (stating that plaintiff's challenge to the agency's failure to exercise an option was "grounded in the CDA"); *Gov't Tech. Servs. LLC v. United States*, 90 Fed. Cl. 522 (holding that the agency's "failure to exercise an option on an existing contract is governed by the CDA and is not a bid protest action.").  Because neither the instant procurement nor the corrective action concern the recall of plaintiffs' former accounts, plaintiffs cannot establish any basis for the Court's bid protest jurisdiction here.

Plaintiffs argue further that they will be injured if the Court does not grant injunctive relief on their claims.  The question of injury is secondary to the threshold issue of jurisdiction and is, therefore, wholly irrelevant to the current issue pending before the Court.  *Int'l Mgmt. Servs., Inc. v. United States*, 80 Fed. Cl. 1, 4 (2008).  Although the Court granted temporary

injunctive relief, the Court has not yet addressed the Government's jurisdictional challenge of

plaintiffs' claims.  Hearing Tr. (May 22, 2017) at 24:4-26:17, 63:7-64:6.  As demonstrated

herein, and in our initial brief, plaintiffs cannot establish subject-matter jurisdiction over their

claims.   Accordingly, the Court should not be persuaded by plaintiffs' prayer for relief.

II.      Plaintiffs Challenge To ED's Recall Of Accounts Is Based Upon An Entirely
         Separate Procurement, Which Amounts To More Than Mere "Reference To
         The 2009 PCA Contracts"

        Plaintiffs assert that the Government's position on this motion to dismiss amounts to a

"knee-jerk application of the CDA to any bid protest claim that involves an existing contract."

Pls.' Resp. at 16.  Plaintiffs overstate the Government's position and understate the extent to

which the close-out administration of their 2009 contracts is the central issue in their challenge.

Plaintiffs do not take issue with the agency's corrective action related to the 2016 procurement.

Rather, plaintiffs take issue with the agency's close-out of their expired 2009 contracts, pursuant

to the terms of those former contracts.

        On this point, plaintiffs cite three cases which they maintain support the "sweeping

scope" of the Court's bid protest jurisdiction over their challenge of the agency's close-out of

their 2009 contracts: *Systems Application & Technologies, Inc. v. United States*, 691 F.3d 1374,

1381 (Fed. Cir. 2012); *Turner Construction Co., Inc. v. United States*, 645 F.3d 1377, 1387-88

(Fed. Cir. 2011); and *National Air Cargo Group, Inc. v. United States*, 126 Fed. Cl. 281 (2016).

Pls.' Resp. at 16-19.  These cases are readily distinguishable from the claims before the Court

here.  In *Systems Application*, Court of Appeals for the Federal Circuit considered whether the

Court had Tucker Act jurisdiction over a protest of the agency's corrective action, which

included termination of a contract awarded under the solicitation at issue.  691 F.3d at 1381.

*Turner Construction* involved a similar challenge.  The Federal Circuit considered whether the

Court had exceeded its jurisdiction by directing the agency to reinstate the plaintiff's contract, which the agency terminated as part of its decision to follow the Government Accountability Office (GAO) recommendations after a protest of the solicitation under which plaintiff's contract was awarded.  645 F.2d at 1387-88.  Here, as discussed above, plaintiffs do not contest the agency's corrective action in this case.  Plaintiffs' claims are also markedly different from these two cases because plaintiffs do not challenge the termination of contracts awarded under the 2016 solicitation.

In *National Air Cargo*, the Court considered whether it had bid-protest jurisdiction over the protestor's claim that the agency had violated the Competition in Contract Act (CICA) by exceeding the limits in the solicitation on the number of contracts awarded, where the protestor was an awardee under the same solicitation.  126 Fed. Cl. at 288-291.  Plaintiffs attempt to draw a crooked line between ED's close-out of their expired 2009 contracts, the 2016 solicitation, and the Court's holding in *National Air Cargo*.  The basis of the protestor's challenge in *National Air Cargo*, however, was not an expired contract issued under a wholly separate solicitation, as it is here.  Again, plaintiffs do not challenge the award of contracts under the 2016 solicitation in their complaints.

Accordingly, the holdings of these cases are not applicable here and plaintiffs' claims should be dismissed.

III.   Regardless Of The Individual Counts Of Each Plaintiffs' Complaint, The Facts Alleged Do Not Support Subject-Matter Jurisdiction

The factual allegations in the complaints do not establish subject-matter jurisdiction over any claim made on the basis of those allegations.  Plaintiffs note that the Government's motions to dismiss do not address each count of plaintiffs' claims separately.  Pls.' Resp. at 19-23.  The Government's motion characterized the salient points of plaintiffs' complaints which rendered

the claims outside the bounds of the Court's jurisdiction.  Regardless of the manner in which the Government has articulated its jurisdictional challenges, the substantive challenges are still not overcome by plaintiffs' effort to establish jurisdiction.

Count I of Progressive's and Van Ru's complaints allege that ED's close-out of its expired contracts and associated recall of their former accounts was arbitrary, capricious, or otherwise contrary to law.  *Progressive*, Am. Compl. at 20-21 (Dkt. No. 45); *Van Ru*, No. 17-633 (Fed. Cl.), Compl. at 9 (Dkt. No. 1).  The Government's motion provides a reasoned basis for the dismissal of this claim for lack of subject-matter jurisdiction.  As a general matter, plaintiffs' claims regarding the close-out of plaintiffs' expired contracts are contract administration claims subject to the CDA claims process.  Plaintiffs' bare reference to the agency's corrective action in Counts I of their complaints is not enough to connect their recall claim to the 2016 procurement and bring their claim within the jurisdiction of this Court.

Plaintiffs bear the burden of alleging the facts essential to show subject-matter jurisdiction by a preponderance of the evidence.  *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).  The facts alleged demonstrate that the recall is related to the close-out of plaintiffs' expired contracts and not ED's contemplated corrective action.  ED did not decide to recall accounts as part of its corrective action plan.  Indeed, as stated above, the corrective action plan was announced well after plaintiffs filed their complaints in this Court.  Thus, the Court lacks jurisdiction over Count I of Progressive and Van Ru's complaints.

Plaintiffs go on to assert that Count II of Progressive's and Van Ru's complaints, which alleges that ED's recall of accounts violates the Court's March 29, 2017 TRO, should survive the Government's challenge because the Court had authority to issue the injunction under the Tucker

Act. Pls.' Resp. at 21. Plaintiffs miss the point. Whether the Court may issue injunctive relief under the Tucker Act is a separate inquiry from whether the Court had jurisdiction to do so. The Court has issued several orders granting temporary injunctive relief in all cases where plaintiffs *purported* to challenge the agency's 2016 procurement. The Government has consistently challenged the scope of the Court's temporary injunctions in these cases and has filed an appeal of the Court's May 31, 2017, which closely tracks the March 29, 2017 TRO.

Even if the terms of the TRO are construed to prohibit recall of accounts, in granting such relief, the Court did not make any express findings with respect to its jurisdiction over these three cases. Indeed, it was not until the Court's hearing on May 22, 2017, that the Court acknowledged the distinction between the claims raised by Progressive, CTi, and Van Ru and the other three cases pending before the Court squarely challenging the 2016 procurement (*i.e., Continental Services, Inc.*, Nos. 17-449C and 17-499C; *Account Control Technology, Inc. v. United States*, No. 17-493C; and *Alltran Education, Inc. v. United States*, No. 17-517C). Hearing Tr. (May 22, 2017) at 33:3-38:21. And it was in that hearing that the Court acknowledged that it would not reach the Government's jurisdictional challenge until after further temporary injunctive relief issued. *Id.* at 63:14-64:17.

Next, plaintiffs address Count III of Progressive's complaint, which alleges that ED breached its duty of good faith and fair dealing in the 2016 procurement. Pls.' Resp. at 21-22. This count is a thinly veiled effort to connect Progressive's challenge of ED's recall to the 2016 procurement in order to bring Progressive's claim within the Court's bid-protest jurisdiction. Laid bare, as reflected in the relief requested, the gravamen of Progressive's claims, including Count III, is that ED should not have recalled its accounts, despite the fact that the contract provides for close-out of the contract by recall of accounts upon contract expiration. The

administration of the terms of an existing contract are subject CDA claims processing.  The Court should not be persuaded by Progressive gilding its claim as a legitimate challenge to the 2016 procurement.

Finally, plaintiffs discuss Count IV of Van Ru's complaint, which alleges that ED's recall of its accounts is arbitrary and capricious because it likely would have received an award but for ED's errors in the 2016 procurement.  Pls.' Resp. at 23.  Again, the central issue in Count IV is the close-out administration on the expired contract.  To the extent that plaintiffs claim that the close-out and associated recall of accounts were improper in light of the terms of the contract, those claims should first be brought under the CDA claims process for review of how the contract close-out is being administered.

## **CONCLUSION**

For these reasons, we respectfully request that this Court grant the United States' motion and dismiss plaintiffs' complaints for lack of subject-matter jurisdiction.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:

JOSE OTERO
General Attorney
Office of the General Counsel
U.S. Department of Education

SARA FALK
General Attorney
Office of the General Counsel
U.S. Department of Education

June 30, 2017

/s/Alexis J. Echols
ALEXIS J. ECHOLS
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch, Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-0463
Fax: (202) 907-2503
E-mail: alexis.j.echols@usdoj.gov

Attorneys for Defendant